STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: RE-10-034
                                                  RAC  -CuM-9/28/2010

MUIRFIELD VILLAGE
CONDOMINIUM ASSOC.

          Plaintiffs,
                                                  ORDER
     v.

ROBERT O. NAULT et al.,

          Defendants

STATE OF MAINE, ss. Clerk's Office
Cumberland, ss.
SEP 28 2010
RECEIVED

The Muirfield Village Condominium Association has filed this action against Robert O. and Beverly J. Nault seeking to obtain injunctive relief and to foreclose on a lien. The Naults request leave to amend their answer and bring it in compliance with Rule 10. The Association had filed a motion for judgment on the pleadings, but now requests that it be converted to a motion for summary judgment and the parties be given an opportunity to make the appropriate submissions. Theodore Kamasinski, the Naults' tenant, seeks to intervene in the litigation pursuant to Maine Rule of Civil Procedure 24.

## BACKGROUND

Defendants Robert O. and Beverly J. Nault own real property in the Muirfield Village Condominium complex. (Compl. p.1, ¶ 2.) Their deed incorporates the terms, rules, and covenants of the plaintiff Association's Declaration and Bylaws. (Compl. p.2, ¶ 4.) These require the defendants to "maintain sufficient heat inside" their units to prevent freezing that could affect neighboring condominium units, to allow the Association to access their unit to verify that it is being heated, and to install a specified freeze alarm. (Compl. pp.

1

2-3, ¶¶ 5, 7, p.5, ¶¶ 2-4.) The rules also specified monetary penalties for violations. (Compl. p.5, ¶¶ 4, 5.)

The Association alleges that the Naults have rendered the Condominium's propane heating system inoperable, and have refused to allow the Association to access their property to verify that a sufficient alternative heating system is in place. (Compl. p.3, ¶¶ 8-9.) The Naults have also failed to install the requisite freeze alarm despite numerous notices instructing them to do so, and have incurred substantial penalties as a result. (Compl. pp.5-6, ¶¶ 4-12.) On February 1, 2010 the Association filed a complaint alleging the above. Count I requests an injunction requiring the defendants to reinstate the propane heating system or allow the Association to inspect the alternative system. Count II requests that the defendants be ordered to install the freeze alarm, that they be declared in breach of the Association's rules, and that the court issue a judgment of foreclosure pursuant to 33 M.R.S. § 1603-116 and 14 M.R.S. §§ 6321 and 6322.

On March 4, 2010, the Naults filed an answer that did not meet the pleading requirements of Rules 8 or 10. Instead of responding to the plaintiff's allegations, the answer contained irrelevant opinions on the relative merits of various heating systems and anti-freeze devices that may or may not have been in use at their property. Theodore Kamasinski, the defendants' tenant-at-will who resides at the Muirfield property, filed a motion to intervene on March 8, 2010. The plaintiff filed a motion for judgment on the pleadings on March 24, 2010.

On April 9, 2010, this court issued an order in which it found that Mr. Kamasinski had failed to include with his motion to intervene a separate "pleading setting forth the claim or defense for which intervention is sought" as

2

required by Rule 24(c). The court gave Mr. Kamasinski until April 20, 2010 to file and serve copies of the requisite pleading, warning that failure to do so would result in the denial of his motion to intervene. On April 20, 2010, Mr. Kamasinski did file with the court a document titled "Claims or Defenses for which Intervention is Sought Pursuant to M.R. Civ. P. 24(c)."

On April 29, 2010, the defendants filed a motion for leave to amend their complaint pursuant to Rule 15(a). The amended complaint meets the pleading requirements of Rule 8(b) by addressing each of the plaintiff's averments. On May 18, 2010, the plaintiff filed an opposition to the motion to amend. This filing includes a request to convert the plaintiff's motion for judgment on the pleadings into a motion for summary judgment. (Pl.'s Opp. to Def.'s M. Amend at 5.)

## DISCUSSION

The court grants the Naults' motion to amend their answer. Leave to amend should be freely given, and will not cause the plaintiff undue prejudice in this case. The Association's request to convert its motion for judgment on the pleadings into a motion for summary judgment is also granted. The resolution of this case will require the court to consider matters outside the pleadings, and "all parties [should] be given reasonable opportunity to present all material made pertinent" by Rule 56. Mr. Kamasinski's motion to intervene, however, is denied.

Motions to intervene under Rule 24 must "be accompanied by a pleading setting forth the claim or defense for which intervention is sought." M.R. Civ. P. 24(c). Mr. Kamasinski failed to submit an adequate pleading as required by Rule 24(c) and this court's order of April 8, 2010. First, the document he submitted is not designated as a recognized form of pleading as required by Rules 7(a) and 10(a). Second, his "Claims or Defenses for which Intervention is Sought Pursuant

3

to M.R. Civ. P. 24(c)" merely repeats verbatim selected paragraphs from the Association's complaint and the Naults' answer. While it does literally identify the "claim or defense" that Mr. Kamasinski wishes to litigate, he was required to submit an answer stating "in short and plain terms [his] defenses to each claim asserted and . . . admit or deny the averments upon which the adverse party relies. . . . Denials shall fairly meet the substance of the averments denied." M.R. Civ. P. 8(b). Mr. Kamasinski failed to do this, or even to include "a general denial subject to the obligations set forth in Rule 11." *Id.* His motion to intervene is denied pursuant to both Rule 24(c) and this court's prior order.

**The entry is:**

Mr. Kamasinski's motion to intervene is denied. The court notes that as a non-party and an individual not licensed to practice law in Maine, Mr. Kamasinski is prohibited from representing the Naults in this action. The Naults' motion to amend their answer is granted. The Association's request to convert its motion for judgment on the pleadings into a motion for summary judgment is also granted. The Association shall file and serve materials supporting its motion for summary judgment as required by Rule 56 by *October 2, 2010*

DATE: _September 28, 2010_

_____
Roland A. Cole
Justice, Superior Court

4

--------------------------------------------------------------------

01 0000008874           FRIEDMAN, MICHAEL G
    132 MAIN STREET PO BOX 10 BRIDGTON ME 04009
    F       MUIRFIELD VILLAGE CONDOMINIUM ASSOCIATIO PL        RTND    02/01/2010

Defendant's are pro ses